# EXHIBIT "A"

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.. | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: CK  CG  CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|
| ATTORNEY/ PRO SE NAME: SALVATORE MARTINO | TELEPHONE NO. (732) 363-0777 | COUNTY OF VENUE OCEAN |
| FIRM NAME (if applicable) LAW OFFICES OF SALVATORE MARTINO | DOCKET NUMBER (When available) L 2086.05 |
| OFFICE ADDRESS 150 Airport Road, Suite 600, P.O. Box 3017, Lakewood, N.J. 08701 | DOCUMENT TYPE: COMPLAINT JURY DEMAND ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Janet Knipp, Plaintiff TYPE NUMBER: (See reverse side for listing)  605 | CAPTION: Knipp vs. Hilton Coral Costa Caribe, et al NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY: |
|---|---|
| RELATED CASES PENDING? ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence?) ☐ YES  ☒ NO | Is This a Professional Malpractice Case?   [ ]Yes   [xx] No If you have checked "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES ☒NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER ☐ FAMILIAL  ☐ BUSINESS   (Specify) _____ |
|---|---|
| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐YES  ☒NO | |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: N/A | JUN - 4 2009 |
| DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT? | ☐YES ☒NO  IF YES, PLEASE IDENTIFY _____ |
| WILL AN INTERPRETER BE NEEDED? | ☐YES ☒NO  IF YES, WHAT LANGUAGE: _____ |
| ATTORNEY SIGNATURE: /s/ | |

Law Offices of Salvatore Martino
150 Airport Road, Ste 600
PO Box 3017
Lakewood, New Jersey 08701
(732) 363-0777
Attorneys for Plaintiff:

---

JANET KNIPP,

        Plaintiff,

v.

HILTON CORAL COSTA CARIBE,
HILTON HOTEL AND CASINO,
ABC MAINTENANCE CORPORATIONS,
1-5 (names being fictitious), JOHN DOES,
1-5 (names being fictitious land owners),
XYZ CORPORATIONS 1-5 (names being
fictitious land owners), XYZ CORPORATIONS
6-10 (names being fictitious business entities),

        Defendants.

---

RECEIVED FILED
JUN - 4 2009
SUPERIOR CT., O...

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
OCEAN COUNTY

Docket No. OCN-L- 2085-09

Civil Action

COMPLAINT, TRIAL BY JURY,
DESIGNATION OF TRIAL COUNSEL

---

Plaintiff, Janet Knipp, residing at 2260 Lakeside Drive South, Forked River, County of Ocean, State of New Jersey, complaining against the Defendant(s), alleges as follows:

### COUNT ONE

1. On or about July 5, 2007, the Plaintiff, Janet Knipp, was lawfully upon the premises located at San Isidro, Municipio Santo Domingo Este, Provincia Santo Domingo Republica Dominicana, which was under the supervision and/or control of the Defendant(s).

2. While lawfully upon said premises, this Plaintiff was cause to fall to the ground as a result of an unsafe condition that existed on the grounds of the Defendant's premises and/or a condition which occurred as a result of the negligence of the Defendant(s) and/or a condition of which the Defendant(s) was aware, but failed to correct or warn the Plaintiff.

3.  At the aforesaid time and place, it was the duty of the Defendant(s), its agents, servants and/or employees to maintain the said premises in a careful and prudent manner, keep the premises in a safe condition to exercise proper care to prevent a nuisance from existing, to provide a safe and clear access for all persons allowed and invited to use the premises, to make the premises reasonably safe for all lawfully thereon and to refrain from any actions that rendered such premises dangerous and hazardous.

4.  Despite such duties and responsibilities, the Defendant(s), its agents, servants and/or employees caused and allowed the condition to exist; and the Defendant(s) breached the responsibilities and duties owed to the Plaintiff.

5.  As a result of the negligence of the Defendant(s), its agents, servants and/or employees, the Plaintiff, was severely and permanently injured, was caused to suffer both pain and anguish and has been and will be in the future caused to obtain medical treatment and sustain medical expenses and has been and will be in the future caused to refrain from his normal activities all of which are expected to continue into the future.

WHEREFORE, the Plaintiff, demands judgment against the Defendant(s) for damages, interest, attorney's fees, costs of suit and such other relief that the Court deems equitable and just.

## COUNT TWO

1.  The Plaintiff repeats and realleges each and every answer given in the First Count hereof as though fully set forth at length herein.

2. Defendant's, ABC Maintenance Corporations 1-5, are fictitious entities charged with the duty of maintaining the premises in question.

3. Prior to and on or about the date of the incident referenced above, it was the duty of the Defendant, ABC Maintenance Corporations 1-5, to maintain and repair the premises in question.

4. While lawfully on the premises aforesaid, the Plaintiff was caused to fall to the ground as a result of the unsafe conditions that existed upon the Defendant's premises and/or a condition which resulted due to the negligence of the Defendant(s) and/or which condition the Defendant(s) was aware, but failed to correct or warn the Plaintiff.

5. On or about the date of the incident referenced above, it was the duty of the Defendant(s), ABC Maintenance Corporations 1-5, its agents and/or employees, to maintain and/or repair the aforesaid premises in a careful prudent manner and keep the premises in a safe condition; to exercise proper care; to prevent a nuisance from existing; to provide the proper safeguards and/or warnings on the premises; to make the premises reasonably safe for all lawfully thereon; and to refrain from any action that rendered the aforesaid premises dangerous and hazardous.

6. Despite such duties and responsibilities, the Defendant(s), ABC Maintenance Corporations 1-5, its agents and/or employees, caused and allowed the premises to be maintained in a dangerous and hazardous condition, including areas outside the establishment and the Defendant(s) breached the duties and responsibilities owed to the Plaintiff.

7. As a result of the negligence of the Defendants, ABC Maintenance Corporations 1-5, its agents and/or employees, the Plaintiff, was severely and permanently injured; was caused to suffer both pain and anguish and has been and will be in the future caused to suffer both pain

and anguish and has been and will be in the future caused to obtain medical treatment and sustain medical expenses and has been and will be in the future caused to refrain from his normal activities all of which are expected to continue into the future.

WHEREFORE, the Plaintiff, demands judgment against ABC Maintenance Corporations 1-5 for damages, interest, attorney's fees, costs of suit and such other relief that the Court deems equitable and just.

### COUNT THREE

1. The Plaintiff repeats and realleges each and every answer given in the First Count hereof as though fully set forth at length herein.

2. Defendant(s), John Does 1-5 and XYZ Corporations 1-5 are fictitious land owners who owned the property referenced above on the date of the incident.

3. On or about the date of the incident referenced above, it was the duty of the Defendant(s), John Does 1-5 and/or XYZ Corporations 1-5, names being fictitious land owners, to maintain and repair the premises in question.

4. While lawfully upon the premises aforesaid, the Plaintiff was caused to fall to the ground as a result of the unsafe conditions that existed upon the Defendant(s)' premises and/or a condition which resulted due to the negligence of the Defendant(s) and/or which condition the Defendant(s) was aware but failed to correct or warn the Plaintiff.

5. On or about the date of the incident referenced above, it was the duty of the Defendant(s), John Does 1-5 and/or XYZ Corporations 1-5, names being fictitious land owners, its agents and/or employees, to maintain and/or repair the aforesaid premises in a careful prudent

manner and keep the premises in a safe condition; to exercise proper care; to prevent a nuisance from existing; to provide the proper safeguards and/or warnings on the premises; to make the premises reasonably safe for all lawfully thereon; and to refrain from any action that rendered the aforesaid premises dangerous and hazardous.

6. Despite such duties and responsibilities, the Defendant(s), John Does 1-5 and/or XYZ Corporations 1-5, names being fictitious land owners, its agents and/or employees, caused and allowed the premises to be maintained in a dangerous and hazardous condition, including areas outside the establishment; and the Defendant(s) breached the duties and responsibilities owed to the Plaintiff.

7. As a result of the negligence of the Defendant(s), John Does 1-5 and/or XYZ Corporations 1-5, names being fictitious land owners, its agents and/or employees, the Plaintiff was severely and permanently injured; was caused to suffer both pain and anguish and has been and will be in the future caused to suffer both pain and anguish and has been and will be in the future caused to obtain medical treatment and sustain medical expenses and has been and will be in the future caused to refrain from his normal activities all of which are expected to continue into the future.

WHEREFORE, the Plaintiff demands judgment against John Does 1-5 and XYZ Corporations 1-5, for damages, interest, attorney's fees, costs of suit and such other relief that the Court deems equitable and just.

## COUNT FOUR

1. The Plaintiff repeats and realleges each and every answer given in the First, Second and Third Count hereof as though fully set forth at length herein.

2. Defendant(s), XYZ Corporations 6-10, names being fictitious business entities, operating a business or performing services at the premises in question where the incident occurred.

3. On or about the date of the incident referenced above, it was the duty of the Defendant(s), XYZ Corporations 6-10, names being fictitious business entities, to maintain and repair the premises in question.

4. While lawfully upon the premises aforesaid, the Plaintiff was caused to fall to the ground as a result of the unsafe conditions that existed upon the Defendant's premises and/or a condition which resulted due to the negligence of the Defendant(s) and/or which condition the Defendant(s) was aware but failed to correct or warn the Plaintiff.

5. On or about the date of the incident referenced above, it was the duty of the Defendant(s), XYZ Corporations 6-10, names being fictitious business entities, its agents and/or employees, to maintain and/or repair the aforesaid premises in a careful prudent manner and keep the premises in a safe condition; to exercise proper care; to prevent a nuisance from existing; to provide the proper safeguards and/or warnings on the premises; to make the premises reasonably safe for all lawfully thereon; and to refrain from any action that rendered the aforesaid premises dangerous and hazardous.

6. Despite such duties and responsibilities, the Defendant(s), XYZ Corporations 6-10, names being fictitious business entities, its agents and/or employees, caused and allowed the premises to be maintained in a dangerous and hazardous condition, including areas outside

the establishment; and the Defendant(s) breached the duties and responsibilities owed to the Plaintiff.

7. As a result of the negligence of the Defendant(s), XYZ Corporations 6-10, names being fictitious business entities, its agents and/or employees, the Plaintiff was severely and permanently injured; was caused to suffer both pain and anguish and has been and will be in the future caused to suffer both pain and anguish and has been and will be in the future caused to obtain medical treatment and sustain medical expenses and has been and will be in the future caused to refrain from his normal activities all of which are expected to continue into the future.

WHEREFORE, the Plaintiff demands judgment against XYZ Corporations 6-10, for damages, interest, attorney's fees, costs of suit and such other relief that the Court deems equitable and just.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues in the cause.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Salvatore Martino, Esq., is hereby designated as trial counsel for the Plaintiff in this matter.

### CERTIFICATION AS TO RULE

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge, information and belief. Also, to the best of my belief, no other action or arbitration

proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.

LAW OFFICES OF SALVATORE MARTINO
Attorneys for Plaintiff

By _____
SALVATORE MARTINO, ESQ.

Dated: June 1, 2009